ALLEN HYMAN, ESQ. (CBN: 73371)
CHRISTINE COVERDALE, ESQ. (CBN: 195635)
LAW OFFICES OF ALLEN HYMAN
10737 Riverside Drive
North Hollywood, California 91602
Tel: (818) 763-6289 or (323) 877-3405
Fax: (818) 763-4676
Email: lawoffah@aol.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| BROTHER RECORDS, INC., a California Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>BRADLEY S. ELLIOTT, individually and dba SURF'S UP! RECORDS, et al.,<br><br>    Defendants.<br>_____<br>BRUCE MORGAN, dba, DECK RECORDS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRIAN WILSON, et al.,<br><br>    Defendants.<br>_____ | Case No. CV 00-13314 CBM (AJWx)<br>(consolidated for all purposes with)<br>Case No. CV 00-13312 CBM (AJWx)<br><br>**STATUS REPORT OF BRUCE MORGAN**<br><br>**Date: September 8, 2008**<br>**Time: 11:00 a.m.**<br>**Place: Before the Honorable Consuelo B. Marshall, U.S. District Court Judge Presiding** |

## I.

## INTRODUCTION

As indicted in Bruce Morgan's ("MORGAN") Ex Parte

Application, Brother Records Inc., ("BRI") has pending motions before the Ninth Circuit, of a substantive nature, which remain unresolved (BRI' Motions, Ex. No. 5, to MORGAN's Ex Parte).

Though MORGAN has opposed (Ex. No. 6, to Ex Parte), and, has as well filed a motion for FRAP Rule 38 Sanctions, (Ex. No. 7 to Ex Parte), MORGAN suggests that pending the Ninth Circuit's ruling on elements of BRI's PENDING substantive motions, which request that the Ninth Circuit issue an order finding that BRI is the prevailing party before this District Court, or that the Ninth Circuit direct that this District Court to find that there is no prevailing party (BRI's Motion, Ex. No. 5 to the Ex Parte Application), that a Status Conference may be premature.

MORGAN observes that the BRI Status Report while identifying the pending BRI's fees motion before the Ninth Circuit, does not identify to this Court that within the BRI's fees motion, is BRI's substantive motions, to have the Ninth Circuit hold that BRI is the prevailing party before this District Court, or, in the alternative, to have the Ninth Circuit, direct this District Court to find that there is no prevailing party before this court (BRI's Motion Ex Parte, Ex. No 5).

Given these circumstances, MORGAN respectfully suggests that the Status Conference be continued for a period of forty-five (45) days.

**II.**

**INTERPRETATION OF THE MANDATE**

Pending the Appellate Court's rulings on the pending BRI motions requesting an order directing prevailing party status before this District Court, MORGAN suggests it is difficult for the

district court to consider what proceedings would be appropriate.

Mindful that the interpretation of the Mandate is that of the task of the District Court, MORGAN provides some preliminary observations:

1. The Court of Appeals upheld all rulings by this District Court with the exception of the denial of the grant of preliminary prospective injunctive relief. The Court of Appeals reversal of this one element is found at paragraph No. 3 of the Merits MEMORANDUM which holds:

> "...Morgan failed to demonstrate substantial investment made in reliance upon Brother's laxity <u>that was not recovered through infringing sales.</u> See id. <u>Nor did Morgan present any evidence that there would be future evidentiary prejudice</u> now that the court has clearly allocated rights among the parties. Morgan's showing is patently insufficient to apply laches to prospective injunction relief. See <u>Danjak LLC v. Sony Corp.</u>, 363 F.3d 942, 960 (9th Cir. 2001). <u>We reverse and remand for further proceedings</u>." (emphasis added).

2. The Appellate Court's "MEMORANDUM" Para. No. 3, which: "..reverse(d) and remand(ed) for further proceedings," left open for the district court to determine to what extent there should be a further determination or consideration as to:

(a) Whether MORGAN has evidence or should be allowed an opportunity to:

> "...demonstrate substantial investment made in reliance upon Brother's laxity that was not recovered through infringing sales;"[1]

---

[1] At the February 11, 2008 hearing, Judges of the panel, inquired as to the amount of sales by MORGAN of the masters at issue, with MORGAN's counsel indicating they were very limited, with MORGAN's counsel also responded that there was no evidence in the appellate record indicating the nature of MORGAN's exploitation of the master recordings. A member of the panel commented that one

    (b) And left open for district court determination whether or not MORGAN should be allowed an opportunity to:

> "... present any evidence that there would be future evidentiary prejudice not that the court has clearly allocated rights among the parties."

  3. It is the task of the district court to interpret and follow the mandate:

> "...Although lower courts are obliged to execute the terms of a mandate, they are free as to anything not foreclosed by the mandate, and under certain circumstances, an order issued after remand may deviate from the mandate ... if it is not counter to the spirt of the circuit court's decision. Kellington 217 F.3d at 1092-93 (alterations in original) (internal quotation marks and citations omitted)." <u>Cassett v. Steward</u> 406 F.3d 614 (9th Cir. 2005), at 621.

  In <u>Snow-Erlin v. United States</u> 470 F.3d 804, 807 (9th Cir. 2006), the Court held:

> "...Plaintiff first asserts that our earlier opinion in this case, <u>Erlin</u> 364 F.3d 1127, already decided that the claim sounds in negligence. From that premise, Plaintiff argues that the law of the case doctrine forbade the district court on remand from examining the nature of the claim and characterizing it a one for false imprisonment. We disagree: Plaintiff construes our prior opinion too broadly." <u>Id.</u> at 807.

  In <u>Lindy Pen Company, Inc. v. Bic Pen Corporation</u>, 982 F.2d 1400, 1404 (9th Cir. 1993), the Court held:

> "...The law of the case controls unless evidence on remand is substantially different from that presented in previous proceedings. (Citations). An order issued after remand, may deviate from the mandate, however if it

---

could not appropriately consider the prospective injunctive relief issue, without a consideration of the amount of income received by MORGAN's exploitation.

E:\PC3\MORGAN\STATRPT090408.wpd       4

1            is not counter to the spirit of the circuit court's decision." Id. at 1404.

2

3         4. As Justice Ginsberg indicated in the famous authority of Weisgram v. Marley, 528 U.S. 440, 451 (2000), though in the context of an appellate court's reversal of a JMOL as to liability, in citing to the seminal case of Neely v. Martin K. Eby Const. Co., 386 U.S. 317, 325 (1967) as to the appropriate relation of the Federal Appellate and the district courts:

> "...Part of the Court's concern has been to protect the rights of the party whose jury verdict has been set aside on appeal and who may have valid grounds for a new trial, some or all of which should be passed upon by the district court, rather than the court of appeals, because of the trial judge's firsthand knowledge of witness, testimony and issues - because of his 'feel' for the overall case.  These are valid concerns for which the court of appeals should be constantly alert. 386 U.S. at 325, 87 S. Ct. 1072." Weisgram, supra at 451.

        5. MORGAN suggests that whether MORGAN will ultimately prevail on the issue of "...prospective injunctive relief..." (MEMORANDUM at Para., 3), remains an open question, subject to the further consideration of the district court upon remand.

        6. As well, the Appellate Court's merits MEMORANDUM does not necessarily preclude the district court from consideration of other matters, such as estoppel.  Nor does the Appellate Court's MEMORANDUM preclude the district court's potential consideration of those pre-emption matters identified by Laws v. Sony Music Entertainment, Inc., 448 F.3d 1134, 1145 (9th Cir. 2006) Cert. Denied, --- U.S. ---, 127 S.Ct. 1371, 167 L.Ed.2d 159 (2007), (RTJN Ex. No. 10), which held:

> "...Laws' voice misappropriation claim is

> plainly different from the claims in Midler and Waits and falls within the subject matter of copyright. In contrast to Midler and Waits, where the licensing party obtained only a license to the song <u>and then imitated the artist's voice</u>, here Sony obtained a license to use Laws' recording itself. Sony was not imitating 'Very Special' as Laws might have sung it." <u>Laws</u>, supra at 1140-1141 (emphasis added).

7. If MORGAN was not using the individual names and likeness of the Beach Boys, BRI's 3344 claim as to "voice" only appears duplicative as to BRI's Civil Code 980 Claim, and may be subject to dismissal.

8. It is apparent that MORGAN's interpretation of the MANDATE is far different than that of BRI.

### As To The Attorney's Fees Determination

9. The Mandate of the Court Of Appeal held in the fees appeal, DOCKET No. 06-56401:

> "In light of this court's decision in Morgan v. Wilson, Nos. 06-55825, 06 55841, we vacate and remand for recalculation of attorneys fees." (Ex No. 2, to Ex Parte).

While MORGAN believes that the Mandate of the attorneys fees memorandum indicated possibly that MORGAN would still be entitled to attorneys fees, given that the Court of Appeals vacated the fees order, MORGAN entered into a stipulation for release of the funds, without prejudice given this Court's prior order.

### III.

### CONCLUSION

While MORGAN presents MORGAN's preliminary analysis of the Court of Appeals determination, MORGAN suggests that this District Court's determination of what course to follow, or matters to consider, should await the Ninth Circuit determination of BRI's

1  substantive motions (within their attorney's fees motion) now
2  pending.
3              MORGAN preliminarily states that the matter of whether
4  there should be prospective injunctive relief remains an open
5  question, for the District Court's determination given the Mandate
6  of the Ninth Circuit.
7                                      Respectfully submitted,
8                                      LAW OFFICES OF ALLEN HYMAN
9
10 Dated: September 4, 2008        By:  /s/ Allen Hyman
                                        Allen Hyman
11                                      Attorneys for Defendant
                                        BRUCE MORGAN, DBA DECK RECORDS
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28